UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                    )
S.A.S. JEAN CASSEGRAIN and                          )
LONGCHAMP USA, INC.,                                )
                                                    )        ECF Case
            PLAINTIFFS,                              )        Civil Action No.
                                                    )
            v.                                       )        COMPLAINT
                                                    )
S & J INTERNATIONAL, INC.,                          )        Jury Trial Demanded
GOLDEN STELLA, INC., and                            )
JAY EUN, an individual,                             )
                                                    )
            DEFENDANTS.                              )
_____ _____)

        Plaintiffs S.A.S. Jean Cassegrain and Longchamp USA, Inc., by and through

their attorneys, and as for their Complaint against Defendants S & J International, Inc.,

Golden Stella, Inc., and Jay Eun, allege as follows:


**NATURE OF THE ACTION**

        1.      Plaintiffs seek injunctive and monetary relief for acts of trademark, design

patent and trade dress infringement, as well as for false designation of origin and unfair

competition by Defendants.  This action arises under Sections 32 and 43(a) of the

Lanham Act, 15 U.S.C. § 1051 et seq., and Section 281 of the U.S. Patent Act, 35

U.S.C. § 251 et seq.

**THE PARTIES**

        2.      Plaintiff S.A.S. Jean Cassegrain is a company existing under the laws of

France, having a place of business at 12, Rue Saint-Florentin, 75001 Paris, France.

S.A.S. Jean Cassegrain, a French holding company, is part of a French group of companies that are well known for the manufacture, promotion and sale of handbags and accessory products which are sold under the LONGCHAMP trademark.  S.A.S. Jean Cassegrain is the owner of the trademark and trade dress rights in the Style 1623 handbag and related bags asserted herein ("Style 1623 Bags") and of the design patent rights in U.S. Patent and Trademark Office Registration  No. D696,860.  S.A.S. Jean Cassegrain is also the owner of the trademark LONGCHAMP.

3.     Plaintiff Longchamp USA, Inc. ("Longchamp USA") is a corporation existing under the laws of the state of Delaware, having an office and place of business at 4 Applegate Drive, Suite B, Robbinsville, New Jersey 08691.  Longchamp USA is the exclusive distributor in the United States of the Style 1623 Bags, as set forth hereinafter.

4.     Upon information and belief, Defendant S & J International, Inc. ("S & J") is a corporation organized and existing under the laws of the state of Georgia with a principal place of business at 2440 Pleasantdale Rd., Suite 100, Atlanta, GA 30340.  Also upon information and belief, S & J does business within this judicial district and, until recently, operated an e-commerce website at http://gabaangs.com/ where it sold handbags, among other products.  Defendant Jay Eun is the Chief Executive Officer and Registered Agent of S & J. He is also an owner of S & J.

5.     Upon information and belief, Defendant Golden Stella, Inc. ("Golden Stella") is a corporation organized and existing under the laws of the state of Georgia with a place of business located at 250 Spring Street N.W., Suite #7N317, Atlanta, GA 30303.  Golden Stella operates an e-commerce website at http://www.goldenstella.com, where it offers handbags, jewelry and other products.  Upon further information and

belief, Defendant Eun is the Chief Executive Officer and Registered Agent of Golden Stella.  He is also an owner of the company.

6.      On information and belief, the corporate defendants regularly offer and sell merchandise to customers in New York and into this district, including items alleged to infringe Plaintiffs' trademark and patent rights as alleged hereinafter.

7.      On information and belief, Defendant Eun is an individual residing at 1570 Spalding Drive, Atlanta, GA 30350.  Upon further information and belief, Eun is the owner of the corporate defendants, S & J and Golden Stella, and Eun is the moving, active, conscious force directing the corporate defendants' wrongful actions described herein.  Therefore, Eun is personally responsible and individually liable for the wrongful actions of the corporate defendants as is described herein.

8.      Defendants Golden Stella and Eun have been defendants in other lawsuits where they were accused of infringing the intellectual property rights of others:

   a.  In 2007, Golden Stella and Jay Eun were sued by Chanel, Inc. (*Chanel, Inc. v. Jay K. Eun et al.*, 07-cv-00155 (TWT) (N.D.GA).  Chanel alleged that Defendants Golden Stella and Jay Eun had counterfeited and/or otherwise infringed Chanel's trademarks, including by selling counterfeit handbags, watches and costume jewelry.

   b.  In 2013, Tory Burch LLC and River Light V, L.P. sued Golden Stella and Jay Eun, alleging that defendants had engaged in trademark counterfeiting, trademark infringement, trademark dilution, copyright infringement and unfair competition arising from Golden Stella and Eun's unauthorized use of Tory Burch's federally registered trademarks and

3

copyrighted works. (*River Light V, L.P. v. Golden Stella, Inc. et al.*, 13-cv-01839 (TCB) (N.D.GA).

    c.    Also in 2013, Ronaldo Designer Jewelry, LLC, sued Golden Stella, Inc., alleging that Golden Stella had infringed plaintiff's copyrights and trade dress rights in plaintiff's jewelry products. (*Ronaldo Designer Jewelry, Inc. v. Golden Stella, Inc. et al*, 13-cv-00132 (TWT) (N.D.GA).

## JURISDICTION AND VENUE

9.    This action arises under the Lanham Act, 15 U.S.C. § 1051 et seq., including §§ 1114 and 1125; the Patent Act, 35 U.S.C. § 251 et seq., and; the laws of the State of New York.

10.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, and 1338(a) and (b). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

11.    This Court has personal jurisdiction over the defendants because the defendants transact business within this State and judicial district, and/or regularly do or solicit business within this State and judicial district, derive substantial revenue from intra-state and inter-state commerce, and have committed tortious acts having injurious consequences within this State and judicial district, and because defendants expected or should have reasonably expected their tortious acts to have injurious consequences within this State and judicial district.

4

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and because a substantial part of the events giving rise to these claims occurred within this judicial district.

**FACTS COMMON TO PLAINTIFFS' TRADEMARK CLAIMS**

13.     For more than twenty years, Plaintiffs and their affiliated companies have manufactured, sold and offered for sale a distinctive and unique bag identified as their Style 1623 Bag.  First created in the LE PLIAGE version, Style 1623 is now available in several versions. The Style 1623 Bags are sold in high-quality retail stores throughout the world, including in the United States, as well as in Longchamp boutiques in the United States. LONGCHAMP products are also available over the internet.  Further information regarding the Style 1623 Bags, as well as other bags offered under the LONGCHAMP brand, is available at www.longchamp.com.

14.     As a result of widespread sales and of advertising and promotion, the Style 1623 Bags have become distinctive and have acquired secondary meaning, indicating to the trade and purchasing public a single source of the aforesaid bags, thereby serving to distinguish said items from handbags and tote bags of competitors. The Style 1623 Bags have, in fact, become an important signature symbol and asset of Plaintiffs whereby the trade and purchasing public can identify the Style 1623 Bags as originating from Plaintiffs.  A few examples of Plaintiffs' Style 1623 Bags are shown in **Exhibit A**.

15.     Plaintiffs' distinctive, original and arbitrary trade dress, which identifies Plaintiffs as the source of the Style 1623 Bags, encompasses a combination of certain non-functional elements, including the following:

- Distinctive shape/silhouette;

- Leather trim with stitching;

- Distinctive size, shape, and position of front flap;

- Distinctive leather tabs at each end of the zipper;

- Distinctive tubular handles;

- Snap positioned on the flap.

16.     As a result of the foregoing, the Style 1623 Bags have acquired a distinctive, non-functional and protectable trade dress.

17.     On or about March 7, 2006, the United States Patent and Trademark Office issued to S.A.S. Jean Cassegrain U.S. Reg. No. 3,064,959, directed to the distinctive "look" of Plaintiffs' Style 1623 Bags.  The '959 registration remains in full force and effect, and is incontestable.  A copy of this registration is annexed hereto as **Exhibit B**.

18.     On or about May 22, 2007, the United States Patent and Trademark Office issued to S.A.S. Jean Cassegrain U.S. Reg. No. 3,244,595, directed to the distinctive flap and handle "look" of Plaintiffs' Style 1623 Bags.  The '595 registration remains in full force and effect.  A copy of this registration is annexed hereto as **Exhibit C**.

19.     S.A.S. Jean Cassegrain is also the owner of the famous trademark LONGCHAMP for handbags, luggage, clothing and related products and services.  The LONGCHAMP trademark has been extensively used and promoted, and has obtained a

6

secondary meaning denoting to the trade and purchasing product products originating with S.A.S. Jean Cassegrain and its related companies.

20.     The LONGCHAMP trademark is the subject of numerous trademark registrations issued by the United States Patent and Trademark Office.  A copy of a representative registration is annexed hereto as **Exhibit D**.

21.     Defendants, upon information and belief, knowing of the valuable goodwill and extensive recognition that Plaintiffs had already established in the marketplace for the Style 1623 Bags, and intending to trade upon that goodwill and recognition, have deliberately sold and continue to deliberately sell bags which are confusingly similar to Plaintiffs' Style 1623 Bags identified with Plaintiffs.

22.     Defendants' bags contain virtually all of the distinctive features found in Plaintiffs' trade dress set forth in Paragraph 14 hereof including, but not limited to, the overall trapezoidal shape, tubular handles and flap features.

23.     Upon information and belief, Defendants deliberately sought to trade upon the goodwill of Plaintiffs' trademarks by selling counterfeit products and substantially identical products.

24.     Defendants have displayed and offered knockoff bags that infringe upon Plaintiffs' trademark rights in its Style 1623 Bags at tradeshows.  Bags offered by Defendants are shown in **Exhibit E**.

25.     Further examples of bags offered and sold by the Defendants, through their websites, that infringe upon Plaintiffs' trademark rights are shown in **Exhibit F**.

26.     In addition, Plaintiffs offer and sell a line of tote bags called the *LM Cuir* bags.  Defendants have manufactured or caused to be manufactured, and have offered

and sold, strikingly similar copies of Plaintiff's *LM Cuir* line of bags.  A comparison of one of Plaintiff's *LM Cuir* tote bags and Defendants' copy is provided in **Exhibit G**.

27.     Defendants' copying of numerous products offered by the Plaintiffs demonstrates a pattern of intentional conduct constituting willful trademark infringement and unfair competition.


### FACTS COMMON TO PLAINTIFFS' PATENT INFRINGEMENT CLAIMS

28.     On or about January 7, 2014, the United States Patent and Trademark Office issued to S.A.S. Jean Cassegrain U.S. Design Patent No. D696,860 (hereinafter, the '860 Patent).  The '860 Patent remains in full force and effect.  A copy of this design patent is annexed hereto as **Exhibit H**.

29.     The design covered by the '860 Patent is embodied in Plaintiffs' Gatsby Sport Messenger Bag, which has met with significant commercial sales success.  A representation of Plaintiffs' Gatsby Sport Messenger Bag is shown in **Exhibit I**.

30.     Defendants have offered and sold bags that infringe Cassegrain's '860 Patent (and that imitate Plaintiffs' Gatsby Sport Messenger Bag).  Examples of Defendants' infringing bags are shown in **Exhibit J**.

31.     Upon information and belief, the Defendants have offered and sold their infringing bags, shown in Exhibit J, at tradeshows and via the internet, including through their websites.

**PLAINTIFFS PUT DEFENDANTS ON NOTICE OF THEIR INFRINGING ACTIONS**

32.    Plaintiffs, via their counsel, put Defendants "on notice" of their infringing conduct.  Specifically, on March 16, 2015, Plaintiffs' counsel sent a cease and desist letter to Defendants S & J and Eun.  A copy of Plaintiffs' letter is attached as **Exhibit K**.

33.    Having not received any substantive response from Defendants to the March 16th letter, Plaintiffs' counsel sent Defendants S & J and Eun another letter on April 17, 2015. A copy of this letter is attached as **Exhibit L**.

34.    Even after Plaintiffs sent the letter dated April 17, 2015, Defendants still did not provide any substantive response.  Plaintiffs received a letter dated April 22, 2015, purportedly sent on behalf of Defendant Eun. The letter shirks Defendants Eun and S & J's responsibility for the alleged design patent and trademark infringement on the purported basis that S & J "is an inactive business over a year", and also that "Mr. Jay Eun was only titled 'CEO' meaning he was not an active member of the business." A copy of this letter is attached as **Exhibit M**.

**COUNT I**
**INFRINGEMENT OF DESIGN PATENT**

35.    Plaintiffs repeat and reallege the allegations in the preceding paragraphs as if fully set forth herein.

36.    Defendants, in manufacturing, causing to be manufactured, importing, supplying, selling, and/or offering for sale the products shown in Exhibit J, have infringed upon the '860 Patent pursuant to 35 U.S.C. §§ 271(a) and (b), in that the Defendants' bags are substantially the same as Plaintiffs' patented design, and are

likely to cause deception and confusion among the purchasing public by virtue of this resemblance.

37.     By reason of the acts of Defendants as alleged herein, Plaintiffs have, and will, suffer irreparable damage to their reputation and a loss of sales and profits which Plaintiffs would have made but for said acts of Defendants.

38.     Defendants have been unjustly enriched by its sale of the infringing bags shown in Exhibit J, and Plaintiffs, in accordance with 35 U.S.C. § 289, are entitled to an accounting of each Defendant's profits therefrom, in an amount no less than $250.

39.     The Defendants' foregoing activities have damaged Plaintiffs in an amount as yet unknown, but the damage to Plaintiffs, if continued, is believed to be in excess of $500,000.

## COUNT II
## TRADEMARK COUNTERFEITING

40.     Plaintiffs repeat and reallege the allegations in the preceding paragraphs as if fully set forth herein.

41.     Plaintiffs' trademark registrations are in full force and effect, and Plaintiffs' trademarks are entitled to protection under both federal and common law.

42.     Defendants without authorization from Plaintiffs, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from Plaintiffs' trademarks, in interstate commerce.

43.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause, mistake, or to deceive consumers, the public, and

the trade into believing that Defendants' counterfeit goods are genuine or are authorized products of Plaintiffs.

44.     Upon information and belief, Defendants have acted with knowledge of Plaintiffs' ownership of the trademarks in Plaintiffs' Style 1623 Bags, including the '959 Registration and '595 Registration, in order to unfairly benefit from the incalculable goodwill inherent in Plaintiffs' trademarks.

45.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

46.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled, either in law or in equity.

47.     Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

48.     Defendants' foregoing activities have damaged Plaintiffs in an amount as yet unknown, but the damage to Plaintiffs and the reputation of Plaintiffs' Style 1623 Bags, if continued, is believed to be in excess of $2,000,000.

49.     Upon information and belief, Defendants will continue their infringing acts, unless restrained by this Court.

## COUNT III
## INFRINGEMENT OF REGISTERED TRADEMARKS

50.     Plaintiffs repeat and reallege the allegations in the proceeding paragraphs as if fully set forth herein.

51.     Defendants, in manufacturing, causing to be manufactured, importing, selling, and offering for sale handbags which copy the design of Plaintiffs' Style 1623 Bags, is likely to cause confusion, mistake, or deception in commerce among members of the purchasing public.

52.     Defendants have improperly sold products in the form of handbags which are the subjects of Plaintiffs' federal trademark registrations, specifically the '959 Registration and '595 Registration.

53.     Defendants' acts violate Section 32 of the Lanham Act, 15 U.S.C. § 1114, and constitute trademark infringement.

54.     By reason of the acts of Defendants as alleged herein, Plaintiffs have, and will, suffer irreparable damage to their reputation and a loss of sales and profits which Plaintiffs would have made but for said acts of Defendants.

55.     Defendants have been unjustly enriched by their sale of infringing handbags, and Plaintiffs are entitled to an accounting of Defendants' profits therefrom.

56.     Defendants' foregoing activities have damaged Plaintiffs in an amount as yet unknown, but the damage to Plaintiffs and the reputation of Plaintiffs' Style 1623 Bags and registered trademarks, if continued, is believed to be in excess of $2,000,000.


**COUNT IV**
**FALSE DESIGNATION OF ORIGIN**

57.     Plaintiffs repeat and reallege the allegations in the proceeding paragraphs as if fully set forth herein.

58.     Defendants, by manufacturing, causing to be manufactured, importing, selling, and offering for sale handbags which copy the design of Plaintiffs' Style 1623

Bags and Plaintiffs' '959 Registration and '595 Registration, are likely to cause confusion, mistake or deception in the trade and with the purchasing public as to the source or origin or sponsorship of said imitative items and/or is likely to cause the trade and/or the purchasing public to incorrectly believe that Defendants' infringing handbags originate with, are endorsed by, or are otherwise associated with Plaintiffs.

59.     Such confusion likely to be caused by Defendants' products includes, but is not limited to, confusion engendered before sale of the items (initial interest confusion) in which purchasers and potential purchasers will be drawn to the items in question because of their knowledge of Plaintiffs' Style 1623 Bags, and confusion engendered after the sale of the items in question (e.g., post-sale confusion), in which purchasers and prospective purchasers will see the Defendants' infringing bags being carried and mistakenly believe that these bags are associated with or sponsored by Plaintiffs.

60.     The aforesaid activities of the Defendants in selling the infringing handbags in commerce constitutes false descriptions, false representations, and false designations of origin or sponsorship, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61.     By reason of the acts of Defendants as alleged herein, Plaintiffs have, and will, suffer irreparable damage to their reputation and a loss of sales and profits which Plaintiffs would have made but for said acts of the Defendants.

62.     Defendants have been unjustly enriched by their sale of infringing handbags, and Plaintiffs are entitled to an accounting of Defendants' profits therefrom.

63.     Defendants' foregoing activities have damaged Plaintiffs in an amount as yet unknown, but the damage to Plaintiffs and the reputation of Plaintiffs' Style 1623 Bags and '959 Registration and '595 Registration, if continued, is believed to be in excess of $2,000,000.

**COUNT V**
**COMMON LAW UNFAIR COMPETITION**

64.     Plaintiffs repeat and reallege the allegations in the proceeding paragraphs as if fully set forth herein.

65.     Defendants have engaged in a course of unfair competition by manufacturing, causing to be manufactured, importing, selling, and offering for sale infringing imitative bags, substantially similar in appearance to that of Plaintiffs, and in misappropriating the unique design and trade dress of Plaintiffs' Style 1623 Bags and Plaintiffs' Gatsby Sport Messenger Bag.

66.     Defendants' manufacturing or causing to be manufactured, importing, selling, and offering for sale copies of Plaintiff's *LM Cuir* line of tote bags, further demonstrates Defendants' pattern of copying Plaintiffs' designs and unfairly competing with Plaintiffs.

67.     Upon information and belief, Defendants' acts alleged herein are specifically oriented, predatory business practices made in bad faith, the dominant purpose and effect of which is to pass off and palm off their imitative bags as originating with Plaintiffs, and to confuse buyers as to the source or origin of such goods, or to otherwise trade on or misappropriate the goodwill and reputation of Plaintiffs, in violation of the common law of New York.

68.     By reason of the acts of Defendants as alleged herein, Plaintiffs have, and will, suffer irreparable damage to their reputation and a loss of sales and profits which Plaintiffs would have made but for said acts of the Defendants.

69.     Defendants have been unjustly enriched by their sale of infringing handbags, and Plaintiffs are entitled to an accounting of Defendants' profits therefrom.

70.     Defendants' foregoing activities have damaged Plaintiffs in an amount as yet unknown, but the damage to Plaintiffs and the reputation of Plaintiffs' Style 1623 Bags and Gatsby Sport Messenger Bag, if continued, is believed to be in excess of $2,000,000.

WHEREFORE, Plaintiffs demand judgment against Defendants S & J International, Inc., Golden Stella, Inc., and Jay Eun, as follows:

### On Count I

(i)     Finding that Defendants, jointly and severally, have infringed Plaintiff's '860 Patent (shown in Exhibit H);

(ii)     Permanently enjoining the Defendants, jointly and severally, and their officers, agents, servants, employees, attorneys and those persons, firms, or corporations acting in concert and participation with them from manufacturing, marketing, advertising, promoting, offering for sale, selling, purchasing, distributing, or in any other way becoming involved with items bearing Plaintiffs' patented design – the '860 Patent – or designs substantially similar thereto;

(iii)     Awarding damages to Plaintiffs, jointly and severally, including damages for injury to Plaintiffs' business reputation and goodwill, and all other damages arising

out of the Defendants' acts of patent infringement, in an amount to be determined, but if Defendants' activities are continued without abatement, in an amount of at least $500,000;

(iv)    Ordering an accounting by the Defendants, jointly and severally, to Plaintiffs of any profit, but not less than $250 per Defendant, gained from the sale of products infringing upon Plaintiffs' '860 Patent;

(v)    Awarding three times the amount of Plaintiffs' damages or Defendants' joint and several profits, whichever is greater;

(vi)    Ordering destruction of all remaining unsold infringing products of each Defendant, as well as of all materials and means of production of such infringing products; and

(vii)    Awarding such other and further relief as the Court may deem just and proper.

### On Counts II through V

(i)    Finding that Defendants, jointly and severally, infringed Plaintiff's federally registered trademarks, Plaintiffs' trade dress and common law trademark rights, and committed acts of unfair competition,

(ii)    Preliminarily and permanently enjoining Defendants and their officers, agents, servants, employees, attorneys and those persons, firms, or corporations acting in concert and participation with them from manufacturing, marketing, advertising, promoting, offering for sale, selling, purchasing, distributing, or in any other way becoming involved with items bearing the federally registered trademarks (shown in Exhibits B, C, and D) and trade dress of Plaintiffs, or any other colorable imitation of

Plaintiffs' trademarks and trade dress, including, but not limited to Defendants' bags (shown in Exhibits E, F and J);

(iii)    Finding that Defendants have infringed Plaintiffs' federally registered trademarks and their trade dress, and that Defendants have committed acts of counterfeiting;

(iv)    Finding that Defendants have infringed Plaintiffs' federally registered trademarks and Plaintiffs' trade dress, and that Defendants have committed acts of unfair competition;

(v)    Ordering an accounting by each Defendant to Plaintiffs of any profit gained from the sale of goods bearing Plaintiffs' federally registered trademarks and their trade dress, or any other colorable imitation of Plaintiffs' trade dress;

(vi)    Awarding damages to Plaintiffs, including for injury to Plaintiffs' business reputation and goodwill, and all other damages arising out of Defendants' acts of counterfeiting and unfair competition, in an amount to be determined, but if Defendants' activities are continued without abatement, in an amount of at least $2,000,000;

(vii)    Awarding treble damages in the amount of Plaintiffs' damages or Defendants' profits, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

(viii)    Ordering Defendants to pay for Plaintiffs' attorney fees, costs, disbursements and applicable interest pursuant to 15 U.S.C. § 1117(b);

(ix)    Awarding Plaintiffs statutory damages pursuant to 15 U.S.C. § 1117(c);

(x)    Ordering Defendants to recall from any distributors and retailers and to deliver to Plaintiffs for destruction or other disposition all remaining inventory of the

counterfeit goods, or any other infringing bags, as well as all advertisements, promotional and marketing materials, as well as means of making same;

      (xi)    Ordering Defendants to file with this Court and serve on Plaintiffs within ten (10) days after entry of injunctive relief, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunctive relief order by the Court;

      (xii)    Awarding such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiffs demand a jury trial on all issues so triable by a jury.

Respectfully submitted,

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Plaintiff
270 Madison Avenue, 8th Floor
New York, NY 10016
(212) 684-3900
ggottlieb@grr.com
mmisthal@grr.com
apeikes@grr.com

By _____
George Gottlieb (GG-5761)
Marc P. Misthal (MM-6636)
Ariel S. Peikes (AP-9157)

Dated:     June 30, 2015
           New York, New York